# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

KWESI B. AMONOO,

                Plaintiff,                  OPINION AND ORDER

    v.

                                      16-cv-125-slc

WASHETAS, *et al.*,

                Defendants.

*Pro se* plaintiff Kwesi B. Amonoo is proceeding in this lawsuit on claims that several staff members at New Lisbon Correctional Institution (NLCI) violated his rights under the Eighth Amendment and state law by failing to accommodate his need for orthotics and special shoes. In particular, he is proceeding on claims against defendants Eggers (a correctional officer), Forsythe (a lieutenant), Flathammer (a captain), Lynn Washetas (a program director), Feiber and Waiter (nurses), Ingenthron (an inmate complaint examiner), and Warner (director of the health services unit). Plaintiff has filed a motion for leave to file an amended complaint, dkt. 24, in which he reasserts his claims against the above-named defendants, but also seeks to add claims relating to injuries he suffered as a result of being denied orthotics and special shoes. In particular, he seeks to add claims against:

    (1)     Martinson, a member of the special needs committee, because he allegedly ignored a specialist's recommendation that plaintiff needed special footwear;

    (2)     Dr. Saheed, a physician at NLCI, because he failed to order an x-ray or provide any treatment for plaintiff after plaintiff injured his feet;

    (3)     Dr. Hoffman, a physician at NLCI, because he denied plaintiff pain medication and failed to adhere to the specialist's plan of care after plaintiff received surgery on his foot; and

    (4)     Sally Wess, from the finance department at NLCI, who revoked plaintiff's order for special footwear.

Plaintiff's allegations against each of these defendants are sufficient to state claims under the Eighth Amendment and Wisconsin negligence law for the same reasons explained in my previous screening order. Dkt. 18. Further, I conclude that allowing plaintiff to amend his complaint at this stage will not cause delay or any undue burden on the state. There is still time in the schedule for the state to investigate plaintiff's new claims and include them in any motion for summary judgment defendants plan to file. (The summary judgment deadline is June 9, 2017, and a small amount of give is available.) Further, because plaintiff's new claims are so closely related to the claims on which he already is proceeding, it will promote judicial efficiency to include them in the same lawsuit. Accordingly, I will grant plaintiff's motion for leave to amend his complaint. He may proceed on the claims identified in the first screening order, as well as those listed above.

There is one claim identified in plaintiff's amended complaint, however, on which plaintiff may not proceed. Plaintiff states that he wishes to bring claims against various defendants for violation of his rights under the Health Insurance Portability and Accountability Act ("HIPPA"). However, HIPAA does not create a private cause of action or an enforceable right for purposes of a private civil suit. *See Kobishop v. Marinette Cnty. Sheriff's Dep't,* 2013 WL 3833990, at *2 (W.D. Wis. July 24, 2013); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *Department of Health and Human Services, Rules and Regulations*, 65 Fed. Reg. 82601 (Dec. 28, 2000) ("Under HIPAA, individuals do not have a right to court action."). Accordingly, plaintiff cannot proceed on any claim under HIPPA.

ORDER

IT IS ORDERED that:

1)      Plaintiff Kwesi B. Amonoo's motion for leave to amend his complaint, dkt. 24, is GRANTED.

2)      Plaintiff is GRANTED leave to proceed on his claims that defendants Eggers, Forsythe, Flathammer, Washetas, Feiber, Waiter, Ingenthron, Warner, Martinson, Saheed, Hoffman and Wess violated his rights under the Eighth Amendment and state law.

3)      Plaintiff is DENIED leave to proceed on his proposed HIPAA claim.

Entered this 28th day of April, 2017

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge