IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KWESI B. AMONOO,

                Plaintiff,                          ORDER

   v.

                                                          16-cv-125-slc

WASHETAS, *et al.*,

                Defendants.

---

On December 1, 2017, I entered an order granting summary judgment to defendants on all of *pro se* plaintiff Kwesi Amonoo's claims, except for his deliberate indifference and medical malpractice claims against Dr. Salam Syed. Dkt. 76. Amonoo has now filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), arguing that his claims against the other defendants should have been allowed to proceed to trial. Dkt. 78. He has also filed a motion for appointment of counsel. Dkt. 77. For the reasons that follow, I am denying both motions.

I. MOTION FOR RECONSIDERATION

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered

evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). A Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, . . . or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted).

In his motion for reconsideration, Amonoo contests every aspect of this court's summary judgment order. I have carefully reviewed his against the summary judgment order. I find no manifest errors of law or fact that warrant revising the judgment. For the most part, Amonoo simply takes umbrage with the court's decision, rehashing the same arguments and pointing to the same evidence that he presented on summary judgment. The summary judgment order addressed these arguments and explained why Amonoo had not met his burden of establishing a triable Eighth Amendment claim with respect to the dismissed defendants. He is not entitled to a second bite of the apple.

Amonoo raises a few points that deserve brief mention. Amonoo argues that the court "changed the complexion" of his claim against defendants Eggers, Ingenthron and Forsythe when it concluded that he was claiming that they were deliberately indifferent to his foot condition when they forced him to wear used boots. Dkt. 78, at 3. According to Amonoo, he is not claiming that it was medically necessary that he be provided with new boots, but rather that, as

2

a result of Eggers, Ingenthron and Forsythe "forcing" him to wear used boots, he experienced a painful pop in his left foot.

Even if this court might have misunderstood exactly what Amonoo is claiming, it does not change the outcome. For one thing, as the court pointed out in the summary judgment order, Amonoo has no evidence but his own lay opinion to show that he was injured as a result of wearing the used state boots. Summary Judgment Order, dkt. 76, at 28-29. Second, even assuming for the sake of argument that Amonoo could establish this connection, he has no evidence to show that wearing the used state boots posed an "excessive risk" to his health or safety, much less that Eggers, Ingenthron or Forsythe knew of this risk. A prisoner does not automatically have an Eighth Amendment claim if he suffers an injury; it is only when that injury was caused by a prison official's deliberate indifference to an inmate's objectively serious medical condition that such a claim arises. There is no evidence of such deliberate indifference with respect to Eggers, Ingenthron or Forsythe.

Next, Amonoo contends that I ignored his cruel and unusual treatment claim. He is incorrect. All of his claims arose under the Eighth Amendment of the United States Constitution, which prohibits "cruel and unusual punishment." Although the court often uses the term "deliberate indifference," that is merely the state of mind necessary to find that a defendant violated the Eighth Amendment (and thereby subjected a prisoner to cruel and unusual treatment). In other words, by evaluating whether Amonoo had adduced sufficient evidence of deliberate indifference by any of the defendants, the court was simultaneously considering Amonoo's cruel and unusual treatment claim.

Finally, Amonoo attaches two Health Service Request forms to his motion. Dkt. 78, exhs. 1 and 2. The forms are dated December 16, 2017, fifteen days after this court issued its order denying summary judgment. A motion for reconsideration cannot be used to present new evidence or evidence that was available earlier. Accordingly, I give no consideration to these documents.

In sum, Amonoo has failed to identify a manifest error of law or fact that merits reconsideration of the summary judgment order. Accordingly, the motion is denied.

## II. MOTION FOR APPOINTMENT OF COUNSEL

I am also denying Amonoo's motion for assistance in recruiting counsel. As a starting point, there is no right to counsel in civil cases. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). A party who wants assistance from the court in recruiting counsel must meet several requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Because Amonoo is proceed *in forma pauperis*, I find that he has met this requirement.

Second, Amonoo must show that he made reasonable efforts on his own to find a lawyer to represent him. Amonoo has not satisfied this requirement. Before this court will appoint counsel, Amonoo must show that he attempted on his own to contact local attorneys to take his case, and that they declined.

Even if Amonoo had met both of these requirements, I would still deny his request for counsel. Court assistance in recruiting counsel is appropriate only when the plaintiff demonstrates that he has one of those relatively few cases in which it appears from the record

that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The question is not simply whether a lawyer might do a better job.

Contrary to Amonoo's assertions, the remaining claim on which he is proceeding to trial is not particularly complex, nor does it require medical expert testimony. Unlike some medical malpractice cases, Amonoo's claim against Dr. Syed does not require a jury to evaluate whether the care that Dr. Syed provided for Amonoo's foot pain was consistent with the standard of care because it is undisputed that Dr. Syed did not prescribe any treatment for Amonoo's foot when he saw him on December 8, 2014. Syed says he did not treat the foot because Amonoo said he was doing better and didn't need any treatment; Amonoo disputes this and says he told Syed that he was in excruciating pain. Presumably, even Dr. Syed would agree that failing to examine or offer any treatment for a patient who comes in complaining of severe pain would be negligent. This being so, no expert testimony is necessary. Amonoo's claim turns simply on witness credibility, not any complicated medical testimony.

I am confident that Amonoo has the ability to prosecute his claim against Syed without the assistance of a lawyer. His submissions in this case thus far show that he is able to marshal evidence and arguments on his own behalf and that he has a basic working understanding of the Rules of Civil Procedure. He has a strong command of the facts and communicates effectively. Given the relative simplicity of the claim that is proceeding to trial, this is not a case in which appointment of counsel is warranted.

ORDER

IT IS ORDERED THAT;

1. Plaintiff's motion for reconsideration, dkt. 78, of this court's December 1, 2017 order is DENIED.

2. Plaintiff's motion for the appointment of counsel, dkt. 77, is DENIED.

Entered this 29th day of January, 2018.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge