IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KWESI B. AMONOO,

           Plaintiff,

  v.

WASHETAS, *et al.*,

           Defendants.

ORDER

16-cv-125-slc

---

On December 1, 2017, this court granted summary judgment to defendants on all of *pro se* plaintiff Kwesi Amonoo's claims, except for his deliberate indifference and medical malpractice claims against Dr. Salam Syed. Dkt. 76. The court subsequently denied Amonoo's motion for reconsideration. Dkt. 81. Now before the court is another reconsideration motion by Amonoo, based on what he says is newly discovered evidence. Dkt. 86. In the same motion, he also seeks to add new claims against two new defendants: Nurse Hintz and Dr. O'Brien.

I am denying both aspects of Amonoo's motion. Amonoo's new evidence consists of: (1) a March 18, 2018 Interview/Information Request that he argues shows that defendant Wess "can grant/deny restrictions"; (2) a March 13, 2018 Interview/Information Request that he argues shows that defendant Warner "can issue out restrictions"; and (3) a number of forms dated January and July 2017 concerning another inmate, Chevy Davis, that Amonoo says proves that the Health Services Unit at the institution can order shoes for an inmate and allow them to be worn as an alternative to state boots. *See* dkt. 86-2. Having reviewed all of this evidence, I do not share Amonoo's view that it proves defendants lied in their summary judgment affidavits, or that the outcome on summary judgment would have been different had this evidence been in the record. The March 2018 Interview/Information Request responses do not show that either Wess or Warner had authority to permit an inmate to purchase shoes from a

non-approved vendor absent a special medical restriction, and the Davis information is of questionable relevance given that his foot ailment differs from from Amonoo's plantar fascitis. *See* Aff. of Chevy Davis, dkt. 87 (asserting that he suffers from "severely burnt feet" and has "no meat separating the bone and skin in my feet."). Furthermore, Amonoo has not explained why he could not have discovered this evidence before or during the summary judgment proceeding. "Summary judgment is not a dress rehearsal or practice run; it "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Hammel v. Eau Galle Cheese Factory*, No. 02-C-0405-C, 2003 WL 21665133, at *7 (W.D. Wis. June 26, 2003) (quoting *Schact v. Wisconsin Dept. of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999)). Having failed to make this showing during summary judgment, Amonoo does not get another try simply because he is not happy with the outcome.

Similarly, it is too late for Amonoo to add new defendants to this case. Amonoo offers no persuasive reason why he did not seek to add these defendants long ago. He filed his complaint more than two years ago, in February 2016. Regardless whether Amonoo's claims against the new defendants arose out of the same course of events as the claims on which he is proceeding, the court will not delay this case further and unduly prejudice the defendants by requiring them to respond to new claims that, with any amount of diligence, could have been brought months or even years before now.

ORDER

It is ORDERED that Plaintiff's second motion for reconsideration, dkt. 86, is DENIED.

Entered this 10th day of July, 2018.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge