IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KWESI B. AMONOO,

           Plaintiff,                                    ORDER

   v.

                                                  16-cv-125-slc

SALAM SYED,

           Defendant.

---

      Kwesi Amonoo has filed a list of the witnesses he would like to call at his September 17, 2018 trial on claims of deliberate indifference and medical malpractice against Dr. Salam Syed. Dkt. 109. Besides presenting his own testimony, Amonoo wants to call Dr. Karl Hoffman in his case in chief. According to Amonoo, Dr. Hoffman saw Amonoo at HSU at some point after Amonoo was seen by Dr. Syed. Amonoo wants Dr. Hoffman to testify about the care he provided to Amonoo in order to establish the standard of care that Dr. Syed should have provided when *he* saw Amonoo. I presume that Dr. Hoffman has not agreed to testify voluntarily, which means that Amonoo must subpoena him to testify and must pay the required witness fees.

      I am denying Amonoo's request for the issuance of a subpoena for Dr. Hoffman. As a preliminary matter, Amonoo has not indicated that he is prepared to tender a check or money order made payable to Dr. Hoffman in an amount necessary to cover his daily witness fee and mileage. *See* Pretrial Conf. Ord., dkt. 22, at 29 (specifying requirements for calling involuntary unincarcerated witness). But even if Amonoo could satisfy this requirement, I would deny his request. Although Amonoo does not specify when Dr. Hoffman saw him, it appears from the facts adduced at summary judgment that it was about six months after Amonoo was seen by Dr. Syed and under different presenting circumstances. *See* Ord., dkt. 76, at 12-13. How Dr.

Hoffman chose to proceed when he saw Amonoo months after Amonoo's visit with Dr. Syed and under different circumstances has little, if any, relevance to whether Dr. Syed knew or should have known when he saw Amonoo on December 8, 2014 that Amonoo was in excruciating pain.

Further, expert testimony—which is what Amonoo is attempting to present indirectly through Dr. Hoffman----is not needed to establish negligence or the standard of care. As explained in previous orders, "[l]aypersons could properly make a finding of negligence based upon Dr. Syed's failure to take any action in response to Amonoo's [purported] severe pain complaints." Dkt. 76, at 38. Because Dr. Hoffman was not present during Amonoo's visit with Dr. Syed, he simply has no evidence relevant to the critical question in this case, which is whether Dr. Syed knew Amonoo was in severe pain when he saw him on December 8, 2014. That being so, there is no need to subpoena Dr. Hoffman to trial.

In addition to Dr. Hoffman, Amonoo asserts that he intends "to either call or cross examine" the witnesses named on defendant's witness list: Dr. Syed and nurses Tony Hentz and Candace Warner. Decl. of Kwesi Amonoo, dkt. 110, at ¶7. Although counsel for defendant has indicated in response to this court's August 22, 2018 order that Dr. Syed will be present to testify, dkt. 106, it is unclear whether the defense intends to call Hentz and Warner.

To avoid uncertainty, The State must advise the court and Amonoo **before Friday, September 7, 2018**, whether these witnesses will attend the trial without a subpoena. If not, then Amonoo promptly will have to complete the procedures for calling unincarcerated witnesses to testify, including submitting an affidavit indicating that he is prepared to tender a check or money order made payable to the witness in an amount necessary to cover his or her daily witness fee of $40 and mileage at a rate of $0.545/mile.

2

ORDER

1. Plaintiff Kwesi Amonoo's request for issuance of a subpoena for Dr. Karl Hoffman is DENIED.

2. Not later than September 7, 2018, defendant should advise the court and plaintiff whether Tony Hentz, R.N. and Candace Warner, R.N. will attend trial without a subpoena.

Entered this 4th day of September, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge