IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

KWESI AMONOO,

                Plaintiff,              ORDER ON
                                        MOTIONS IN LIMINE

   v.

                                                 16-cv-125-slc

SALAM SYED,

                Defendant.
---

Before the court are the following motions *in limine*: (1) defendant's motion for permission to cross-examine Amonoo with specific instances of untruthful conduct, dkt. 103, and plaintiff's motion to prohibit such cross-examination, dkt. 83; (2) defendant's motion to exclude reference to other legal proceedings involving defendant, dkt. 103; and (3) defendant's motion to exclude reference to any other lawsuits against the Department of Corrections or its current or former employees, dkt. 103. The court's rulings are as follows:

**I. Amonoo's Past Instances of Untruthful Conduct**

In *Amonoo v. Sparling, et al.*, 15-cv-603-slc, this court found that plaintiff Amonoo had falsified a property receipt to make it look like correctional officers had confiscated and destroyed his prayer oil; as a sanction, the court dismissed his lawsuit and imposed a strike under 28 U.S.C. § 1915(g). Opin. and Order, July 14, 2017, dkt. 65. Defendant in the present case wants permission during cross-examination to ask Amonoo about that finding. Amonoo objects. Dkts. 83, 111.

Fed. R. Evid. 608(b) provides that, except for a criminal conviction,

> extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness[.]

Under this rule, only extrinsic evidence related to the witness's character for truthfulness or untruthfulness is prohibited; lines of questioning are not, including those "regarding the punishment imposed on a witness for a given course of conduct." *United States v. Dvorkin*, 799 F.3d 867, 883 (7th Cir. 2015) (quoting *United States v. Holt*, 486 F.3d 997, 1002 (7th Cir. 2007)); *see also United States v. Dawson*, 434 F.3d 956, 958-59 (7th Cir. 2006). As the Seventh Circuit noted in *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir. 1990), "[t]he reason for allowing cross-examination under Rule 608(b) is to allow a party to attempt to cast doubt on a witness's reliability for telling the truth."

This court's previous determination that Amonoo fabricated evidence undoubtedly casts doubt on Amonoo's reliability for telling the truth. *Accord Varhol*, 909 F.2d at 1567 (buying and using stolen tickets sufficiently reflected on witness's honesty to be admissible under Rule 608(b)); *Dawson*, 434 F.3d at 958-59 (past judicial determination finding witness not to be credible not barred by Rule 608(b)); *United States v. Whitmore*, 359 F.3d 609, 619–22 (D.C. Cir. 2004) (holding district court erred in refusing to allow the defendant to cross-examine an officer about a judge's conclusion that "I think [the officer] lied"). The fact that the *Sparling* case involved religion and not medical care is irrelevant. As defendant points out, the rule permits any act of dishonesty to be raised on cross-examination. *See, e.g.*

2

*United States v. Smith*, 80 F. 3d 1188, 1193 (7th Cir. 1996) (allowing cross-examination of uncharged thefts because "acts of theft . . . are, like acts of fraud or deceit, probative of a witness's truthfulness or untruthfulness"); *United States v. Wilson*, 985 F.2d 348, 351 (7th Cir. 1993) (witness's failure to file federal income tax returns and bribery were probative of untruthful character).

If there is any basis to prohibit defense counsel from asking Amonoo about the *Sparling* case, it would be under Fed. R. Evid. 403, which gives the district court discretion to exclude relevant evidence if its probative value is "substantially outweighed by a danger of . . . unfair prejudice," Fed. R. Evid. 403. *See also Thompson v. City of Chicago*, 722 F.3d 963, 977 (7th Cir. 2013) (Rule 403 applies to evidence otherwise admissible under Rule 608(b)); *Dawson*, 434 F.3d at 959 (not "every question a lawyer might want to ask about a third party's opinion of the credibility of a witness would be proper cross-examination"). To be sure, testimony that Amonoo fabricated evidence in a prior court proceeding will be prejudicial to him, but not *unfairly* so. The outcome of this case will turn largely on who the jury finds more credible. The fact that Amonoo was found to have fabricated evidence for gain in a previous civil rights lawsuit is directly relevant to and highly probative of his credibility. It is not unfair for defendant to elicit this information from Amonoo on cross-examination, subject to ground rules that the court will discuss with the parties at the pretrial conference.

## II. Other Legal Proceedings Involving Dr. Syed

Defendant moves to exclude evidence of any other legal proceedings involving Dr. Syed, regardless of the facts or the outcome, on the ground that such evidence is not relevant and in any case would be unduly prejudicial. *See* F. R. Ev. 401 & 403. In response, Amonoo cites a list of cases involving Dr. Syed that he says "are of recent vintage and are sufficiently similar to the matter at issue." Dkt. 111, at 2. Unfortunately, Amonoo does not provide any details about any of these cases.

If Amonoo can identify a case in which either a judge or jury determined that Dr. Syed committed medical malpractice or was deliberately indifferent to an inmate's serious medical needs, then the court would consider allowing Amonoo to ask Dr. Syed about that case, depending on the circumstances. However, the mere fact that Dr. Syed is a named plaintiff in a lawsuit or entered into a settlement before liability was found is not relevant and would be likely to confuse the jury.

Because the State has better access to this information on short notice, the Attorney General's Office must advise the court at the pretrial conference if there are specific cases that resulted in a finding of liability against Dr. Syed on a medical malpractice or 8th Amendment deliberate indifference claim. The court defers ruling on this motion until that time.

### III. Other Lawsuits Against DOC or its Employees

Finally, defendant seeks to exclude reference to any other lawsuits against the DOC or its current or former employees. The only employees whom Amonoo has identified are nurses Candace Warner and Tony Hentz, who are not being called as witnesses at trial. Accordingly, evidence regarding lawsuits against them is irrelevant and excluded under Fed. R. Ev. 401.

### ORDER

1. Defendant's motion *in limine* for permission to cross-examine Amonoo about the judicial finding of fabrication in *Amonoo v. Sparling* is GRANTED, subject to ground rules that will be established at the pretrial conference. Amonoo's corresponding motion to exclude such evidence is DENIED.

2. Defendant's motion *in limine* to exclude evidence of other legal proceedings involving Dr. Syed is DEFERRED.

3. Defendant's motion *in limine* to exclude reference to other lawsuits against the DOC or its employees is GRANTED.

Entered this 12th day of September, 2018.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge